SHEDD, Circuit Judge,
dissenting:
The majority holds that Shawakha waived his right to appeal any issues relating to the establishment of his advisory Guidelines range, and it affirms Shawa-kha’s sentence upon its consideration of the two issues it deems not to have been waived. In my view, the majority misreads the appeal waiver provision and, in doing so, precludes Shawakha from raising *665 the additional issues, one of which has merit. Therefore, I dissent.
Shawakha waived his right “to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range.” However, he reserved the right “to appeal from a sentence in excess of the applicable advisory Guideline range.” J.A. 113 (emphasis added). Shawakha’s sentence clearly exceeds the advisory Guideline range. Therefore, the plain language of the plea agreement allows Shawakha to appeal his entire sentence, not merely some limited portion of it. Therefore, the appeal waiver does not limit him to appealing only the upward deviation from his advisory Guideline range.*
Accordingly, I believe all four issues Shawakha raises on appeal are validly before this Court. Of those four issues, I believe one has merit. In my view, the district court erred when it failed to explain its rationale for denying Shawakha’s request for a downward adjustment pursuant to the safety valve provisions of USSG § 5C1.2(a). The PSR states that Shawa-kha was ineligible for safety valve relief because of his status as a manager or supervisor of criminal activity. J.A. 251. However, during sentencing, the court granted Shawakha’s objection to the finding that he was a manager or supervisor. Yet the court still denied Shawakha’s request for safety valve relief without stating a basis for this ruling. J.A. 225. Given these facts, if Shawakha is able to meet the criteria of USSG § 5C1.2(a), he is entitled to a two-level reduction of his offense level pursuant to USSG § 2Dl.l(b)(ll). For this reason, I would remand to the district court for resentencing.

 If the plain language of Shawakha’s plea agreement is also open to the majority’s reading, the language is ambiguous. Consequently, it should be construed against the government to find that Shawakha reserved the right to appeal his entire sentence. See United States v. Harvey, 791 F.2d 294, 300-301 (4th Cir.1986) (where a plea agreement is ambiguous in its terms, the terms must be construed against the government, especially where "the Government has proffered the terms or prepared a written agreement”).